UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sean Matthew Finnegan,<br><br>  Plaintiff,<br><br>v.<br><br>Gallagher Basset Services; Lemonade<br><br>  Defendants. | Case No.: 3:21-cv-0666-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**AND**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On April 15, 2021, Plaintiff Sean Matthew Finnegan ("Plaintiff"), proceeding *pro se*, filed a Complaint against Gallagher Basset Services and Lemonade ("Defendants"). ECF No. 1. Plaintiff subsequently filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction.

\ \ \

\ \ \

1

# DISCUSSION

## I. Motion for Leave to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). IFP status may be acquired and lost during the course of litigation. *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S–06–0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (internal citation omitted).

Here, Plaintiff has supplied a form application to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff has left the majority of the form blank and does not indicate the amount of any income or expenses. *Id.* Plaintiff states that "[b]ecause my bank has frozen my accounts, furthermore the defendant is liable for any and all expenses, costs, fees, and damages." *Id.* at 5. Plaintiff's filing does not give the Court adequate information from which to determine whether Plaintiff is unable to pay the $402 filing

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 202-)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1 fee.

2 Accordingly, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis*
3 without prejudice.  Should Plaintiff wish to proceed in this matter, he must either pay the
4 $402 filing fee or provide a completed affidavit that shows his inability to pay the fee.
5 Plaintiff is advised that Civil Local Rule 3.2(a) provides the information required to be
6 included in any affidavit.  *See* Civ. L.R. 3.2(a).  The Court will additionally direct the
7 Clerk to provide Plaintiff with a blank copy of the Southern District of California's
8 "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In*
9 *Forma Pauperis*."

10 **II.     *Sua Sponte* Screening**

11 A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a),
12 is additionally subject to mandatory *sua sponte* screening.  The Court must review
13 complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any
14 complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a
15 claim, or seeks damages from defendants who are immune.  *See* 28 U.S.C. §
16 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

17 All complaints must contain "a short and plain statement of the claim showing that
18 the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are
19 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
20 mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
21 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining
22 whether a complaint states a plausible claim for relief [is] . . . a context-specific task that
23 requires the reviewing court to draw on its judicial experience and common sense."  *Id.*
24 The "mere possibility of misconduct" falls short of meeting this plausibility standard.
25 *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

26 "When there are well-pleaded factual allegations, a court should assume their
27 veracity, and then determine whether they plausibly give rise to an entitlement to relief."
28 *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the Plaintiff is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the Plaintiff the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Moreover, the federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here, Plaintiff's Complaint appears to be for breach of an insurance contract. *See* ECF No. 1 at 4. Plaintiff states that the Court has diversity jurisdiction over the complaint pursuant to 28 U.S.C. § 1332. *Id.* However, Plaintiff states that both he and Defendants are citizens of California. *Id.* at 4–5. There is thus not diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff also includes "14 U.S. CODE 6503" as a basis for federal question jurisdiction, but there is no Section 6503 of Title 14 of the U.S. Code, which relates to the U.S. Coast Guard, *see* 14 U.S.C. § 101 *et seq.*, and thus this does not serve as a basis for the Court's jurisdiction. In his Civil Cover Sheet, Plaintiff cites 41 U.S. Code § 6503 as the cause of action, *see* ECF No. 1-1, but this section of the U.S. Code pertains to breaches of certain contracts with an agency of the United States and thus is not applicable to Plaintiff's complaint arising from an

alleged breach of an insurance contract between private parties.  41 U.S.C. §§ 6502, 6503(a).

The Court accordingly **DISMISSES** Plaintiff's Complaint, because the Court lacks jurisdiction to entertain Plaintiff's state law breach of contract claim.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction.

Should Plaintiff wish to file an amended complaint curing the deficiencies noted above, he must do so **within 30 days** of the date of this order.  The Clerk shall mail to Plaintiff a blank copy of the Southern District of California's "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated:  April 19, 2021

Hon. Gonzalo P. Curiel
United States District Judge